**Honorable Carol L. McCOY and H. William Scott, III, Appellants**

v.

**Donald G. KNOBLER, Appellee.**

No. 05–07–00666–CV.

Court of Appeals of Texas, Dallas.

July 9, 2008.

Elisaveta Dolghih and James D. McCarthy, Diamond, McCarthy, Taylor & Finley, L.L.P., Dallas, for Appellants.

Jerrod L. Davis, Brady & Cole, P.C., Dallas, for Appellee.

Before Justices FITZGERALD, LANG-MIERS, and MAZZANT.

## OPINION

Opinion by Justice LANG–MIERS.

This is an appeal from an order that vacated a previous order domesticating a foreign judgment and denied appellants' petition to enforce a foreign judgment. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellants Carol L. McCoy and H. William Scott, III represented Linda R. Knobler and appellee Donald G. Knobler, respectively, in a divorce proceeding in Tennessee. A Tennessee trial court signed an "Order" on December 16, 1985, awarding judgment in favor of McCoy for $9,734.19 and Scott for $12,488.00 against appellee Knobler for attorneys' fees incurred by the parties during the proceeding (the 1985 Order).

On December 13, 1995, appellants filed a petition to revive and/or reinstate the 1985 Order in Tennessee under a different cause number. Knobler did not respond, and the trial court signed another order, entitled "Order for Judgment," in favor of appellants on April 16, 1996 (the 1996 Order for Judgment). The 1996 Order for Judgment awarded McCoy $19,789.03 (the amount originally ordered of $9,734.19 plus post-judgment interest since 1985) and Scott $25,388.61 (the amount originally ordered of $12,488.00 plus post-judgment interest since 1985) against Knobler.

On April 11, 2006, appellants filed a motion to extend the 1996 Order for Judgment under Tennessee Rule of Civil Procedure 69.04. See TENN. R. CIV. P. 69.04. Knobler failed to show cause why it should not be extended, and the trial court signed another order, this one entitled "Judgment," in favor of appellants and against Knobler on June 20, 2006, awarding $39,919.62 to McCoy (principal amount awarded in the 1996 Order for Judgment of $19,789.03 plus post-judgment interest of $20,130.59) and $51,215.43 to Scott (principal amount awarded in the 1996 Order for Judgment of $25,388.61 plus post-judgment interest of $25,826.82) (the 2006 Judgment).

On March 2, 2007, appellants filed a petition in Dallas County to enforce the 2006 Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), and the trial court signed an order domesticating the foreign judgment. See TEX. CIV. PRAC. & REM.CODE ANN. § 35.001–.008 (Vernon 1997 & Supp. 2007). Knobler moved to vacate that order, arguing that enforcement of the Tennessee judgment is barred by limitations under section 16.066(b) of the civil practice and remedies code. He also argued that the 2006 Judgment was not properly authenticated. Following a hearing, the trial court signed an order vacating the order of domestication and denying enforcement of the Tennessee judgment. Appellants appeal.

ANALYSIS

In their sole issue, appellants argue that the Tennessee judgment was entitled to full faith and credit in Texas and that the trial court had no discretion to deny its enforcement under the federal constitution or the laws of Texas. They argue that the trial court erred by vacating the order of domestication because the Tennessee judgment was properly authenticated and Knobler did not prove by clear and convincing evidence that the action was barred by limitations.

A. Is the Tennessee Judgment Entitled to Full Faith and Credit?

■ The United States Constitution requires each state to give full faith and

credit to the public acts, records, and judicial proceedings of every other state. U.S. CONST. art. IV, § 1. In Texas, the enforcement of foreign judgments is governed by the Texas version of the UEFJA. *Russo v. Dear,* 105 S.W.3d 43, 46 (Tex.App.-Dallas 2003, pet. denied). Under the UEFJA, "[a] copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state." TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(a) (Vernon 1997). "The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed." *Id.* § 35.003(b). "A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." *Id.* § 35.003(c).

▪ Once an authenticated copy of a foreign judgment has been filed in Texas, the defendant has the burden of attacking the judgment and establishing a recognized exception to the full faith and credit requirements.[1] *See Karstetter v. Voss,* 184 S.W.3d 396, 401–02 (Tex.App.-Dallas 2006, no pet). One of these well-established exceptions is when limitations has expired under section 16.066(b) of the civil practice and remedies code. *Reading & Bates Constr. Co. v. Baker Energy Res. Corp.,* 976 S.W.2d 702, 713 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *see also Ware v. Everest Group, L.L.C.,* 238 S.W.3d 855, 861 (Tex.App.-Dallas 2007, pet. denied); *Carter v. Jimerson,* 974 S.W.2d 415, 417–18 (Tex.App.-Dallas 1998, no pet.).

## B. Is the Action Barred by Limitations?

The decision of whether the Tennessee judgment is enforceable in Texas depends upon a determination of the date on which the judgment that is the subject of the action was rendered pursuant to Section 16.066(b):

> (b) An action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before the commencement of the action in this state.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.066(b) (Vernon 1997).

The parties agree that Knobler has resided in Texas for more than ten years prior to the date this action was filed, but do not agree regarding when the judgment that is the subject of this action was rendered. To determine whether that judgment was "rendered" more than ten years before the commencement of this action, we must first identify which of the following is the "judgment" on which the action is brought: the December 16, 1985 Order, the April 16, 1996 Order for Judgment, or the June 20, 2006 Judgment.

Appellants contend that the Tennessee judgment that is the subject of this action was the one rendered in 2006 and that an action to enforce that judgment is not barred. They argue that it is a new judgment for purposes of calculating the limitations period because they contend that it was entered in a new proceeding, for a new amount, and contained materially dif-

---

1. Although Knobler contended below that the judgment was not properly authenticated, he does not challenge authentication on appeal. Consequently, it is undisputed on appeal that the Tennessee judgment was authenticated in compliance with Texas evidence rule 902.

*See* TEX.R. EVID. 902. It is also sufficient to meet the authentication requirements of the full faith and credit clause. *Farley v. Farley,* 731 S.W.2d 733, 735–36 (Tex.App.-Dallas 1987, no writ).

ferent terms from the two previous orders. They contend that we "must respect the fact that a Tennessee revivor proceeding is a new action giving rise to a new—in this case a June, 2006—judgment...." They also contend that we must follow Tennessee law in making this determination. Conversely, Knobler contends that under either state's laws, the judgment that is the subject of this action was not rendered in 2006 because the 2006 Judgment and the 1996 Order for Judgment merely extended the original judgment and added post-judgment interest.

Both parties cite early Tennessee cases to support their respective positions. In each of those cases, a writ of scire facias was issued to revive a dormant judgment.[2] But here, appellants did not initiate a proceeding seeking a writ of scire facias in 2006 to revive a dormant judgment. Instead, they moved to extend the 1996 Order for Judgment under a rule authorizing an extension upon motion filed within ten years from the entry of judgment. *See* TENN. R. CIV. P. 69.04. Consequently, we first look to that rule to determine whether it provides guidance for the issue in this case.

## D. Rule 69.04

Tennessee Rule of Civil Procedure 69.04 states:

**69.04 Extension of Time.**

Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated within any additional ten-year period until the judgment is satisfied.

■ We have not found any Tennessee cases interpreting this rule. Tennessee courts, however, apply the rules of statutory construction when construing rules governing court practice and procedure. *Tenn. v. Peele,* 58 S.W.3d 701, 704 (Tenn. 2001). In Tennessee, matters of statutory construction involve well-defined precepts. *Chattanooga–Hamilton County Hosp. Auth. v. Bradley County,* 249 S.W.3d 361, 366 (Tenn.2008). The most basic of these is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *Id.* (quoting *Houghton v. Aramark Educ. Res., Inc.,* 90 S.W.3d 676, 678 (Tenn.2002)). Under Tennessee rules of statutory construction, we presume each word in a statute has meaning and purpose, and we construe statutes in such a way that no part will be inoperative, superfluous, void, or insignificant. *Chattanooga–Hamilton County Hosp. Auth.,* 249 S.W.3d at 366 (citing *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn.2005)); *Peele,* 58 S.W.3d at 704. When the language of the statute is unambiguous, Tennessee law directs us to apply its plain meaning in its normal and accepted use without reference to the broader statutory intent, history of the legislation, or other sources. *Chatta-*

---

**2.** *See, e.g., Bank of W. Tenn. v. Marr,* 81 Tenn. (13 Lea) 108 (1884); *McIntosh v. Paul,* 74 Tenn. (6 Lea) 45 (1880); *Fogg v. Gibbs,* 67 Tenn. (8 Baxt.) 464 (1875); *Craddock v. Calcutt,* 39 Tenn.App. 481, 285 S.W.2d 528 (Tenn.Ct.App.1955); *Allen v. Wilson County Investors, LLC,* No. M2002–00540–COA–R3–CV, 2003 WL 21849545 (Tenn.Ct.App. Aug.8, 2003) (not designated for publication).

*nooga–Hamilton County Hosp. Auth.*, 249 S.W.3d at 366.

■ Rule 69.04 is part of rule 69 entitled "Execution on Judgments." *See* TENN. RS. CIV. P. 69.01–.07. Rule 69.01 explains the scope of rule 69:

> This rule applies to executions and garnishments on legal and equitable interests in personalty, including intangibles, and realty to satisfy judgments in all courts in Tennessee. . . .

TENN. R. CIV. P. 69.01. Rule 69.04 is also read in conjunction with the remaining subsections of rule 69, which deal with procedural aspects of executing on a judgment: the sequence of execution, discovery in aid of execution, garnishment, and execution on personalty and realty. *See* TENN. RS. CIV. P. 69.02–.03, 69.05–.07. Rule 69.04 states that a party may extend a judgment by moving for an order to show cause why the judgment should not be extended. *See* TENN. R. CIV. P. 69.04. If the defendant fails to show cause why the judgment should not be extended, the rule states that "another order . . . extending the judgment for an additional ten years" shall be entered. *Id.* The rule refers repeatedly to "the judgment." *Id.* And "the judgment" is what is extended. *Id.* It can be extended until "the judgment" is satisfied. *Id.* Consequently, we conclude that rule 69.04 is not ambiguous and apply its plain meaning. *Chattanooga–Hamilton County Hosp. Auth.*, 249 S.W.3d at 366. By its plain meaning, this rule provides authority for a Tennessee court to enter an order extending a judgment. It follows that, regardless of the label used,[3] an order or judgment issued pursuant to rule 69.04 is not a new judgment for purposes of section 16.066(b), but, instead, is an extension of an existing judgment. This interpretation is supported by the language of the 2006 "Judgment":

> THIS CAUSE COME [sic] ON TO BE HEARD before the Honorable Russ Heldman on the *Motion to Extend Judgment* pursuant to Rule 69.04 of the Tennessee Rules of Civil Procedure and a *Show Cause Order* entered pursuant thereto on April 25, 2006. It appeared unto the Court that the Respondent Donald G. Knobler has failed to show cause why the Judgment entered on April 16, 1996 should not be extended for an additional ten (10) years.
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that a Judgment shall be entered against the Defendant, David G. Knobler in the amount of $39,919.62 (includes the principal amount of $19,789.03 plus interest as of June 16, 2006 in the amount of $20,130.59) in favor of the Petitioner Carol L. McCoy and a Judgment in the amount of $51,215.43 (includes the principal amount of $25,388.61, plus interest as of June 16, 2006 in the amount of $25,826.82) in favor of the Petitioner H. William Scott, III for all of which execution may issue.

(emphasis in original).[4]

Tennessee case law that discusses the writ of scire facias also supports this analysis. Although some case law indicates that an action seeking a writ of scire facias is treated as a new lawsuit, it also provides that "it is in substance a continuation of the old suit, and the proper judgment is that the plaintiff have execution of the original judgment." *McIntosh v. Paul*, 74

---

3. We look at the substance of those proceedings and not simply at the labels on those documents. *See Kennedy v. Hudnall*, 249 S.W.3d 520, 523 (Tex.App.-Texarkana 2008,

no pet.) (citing *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex.1999)).

4. We also note that the motion to extend the judgment was filed within the ten-year period.

Tenn. (6 Lea) 45, 47 (1880) (citing *Bryant v. Smith,* 47 Tenn. (7 Cold.) 113, 115–17 (1869) and *Taylor v. Miller,* 70 Tenn. (2 Lea) 153, 154–55 (1879)). The writ of scire facias is a mechanism to enforce a judgment already obtained. In the *Paul* court's view, "it is only a mode of enforcing the judgment." *Id.* (citing *Motions Against Curry,* 59 Tenn. (12 Heisk.) 51, 52–53 (1873)). *See also Craddock v. Calcutt,* 39 Tenn.App. 481, 494, 285 S.W.2d 528, 535 (Tenn.Ct.App.1955) (concluding that scire facias proceeding "is but a continuation of the cause already in this Court").

We reach the same result under Texas law. *See, e.g., Sias v. Berly,* 245 S.W.2d 503, 510–12 (Tex.Civ.App.-Beaumont 1950), *rev'd on other grounds,* 152 Tex. 176, 181, 255 S.W.2d 505, 508 (1953). The issue in the *Sias* case was whether a scire facias proceeding to revive a judgment for debt which had become dormant was an independent lawsuit on the debt or only a continuation of the original lawsuit. *Sias,* 245 S.W.2d at 509. The court concluded that it was "but another step taken in the original suit in which the [original judgment] was reduced." *Id.* at 510. The court reached that conclusion by analyzing cases on both sides of the issue: those that held a scire facias proceeding was a continuation of the original lawsuit and those that held it was an independent lawsuit resulting in a new judgment. *Id.* at 510–12. It said that the resolution of the question "depends upon the object accomplished by the proceedings." *Id.* at 511. Because the only object accomplished by the proceeding was the "reactivization of a suspended power to issue writs of execution to collect the revived judgment," the court concluded that it was "a continuation of the original proceeding. . . ." *Id.* at 512. Although the Texas Supreme Court reversed the court on other grounds, it agreed with the court's conclusion that the

scire facias proceeding was a continuation of the original lawsuit. *Sias,* 152 Tex. at 181, 255 S.W.2d at 508 ("We agree . . . that a motion for scire facias is not an independent suit but is a continuation of the original suit.").

This interpretation is also supported by the language of section 16.066(a), which provides that an action on a foreign judgment is barred in Texas if an action on that judgment is barred in the state where it was rendered. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.066(a) (Vernon 1997). The statute does not provide the converse, however, which is that if the action on the judgment is not barred in the state in which it was rendered, it is not barred in Texas. *See id.* Instead, section 16.066(b) provides that, without regard to whether the action on the judgment is barred in the state where it was rendered, it is barred in Texas if it meets the requirements of that provision. *See id.* § 16.066(b).

■ In this case, appellants moved for an extension of the 1996 Order for Judgment pursuant to rule 69.04. The motion was not filed in a new proceeding as appellants contend; it was filed in the same docket number as the 1996 Order for Judgment. And the 2006 Judgment, although entitled "Judgment," did not contain material differences from the prior related orders. In fact, the only difference from the 1996 Order for Judgment is the amount of post-judgment interest. And the interest that was awarded was calculated based upon the earlier orders. Consequently, under rule 69.04, "the judgment" that formed the basis of appellants' motion to extend and the one that was extended was not the one signed in 2006. As a result, we conclude that when the Tennessee court signed the 2006 "Judgment" pursuant to rule 69.04, the court extended a judgment that was rendered

more than ten years before the commencement of the action in Texas. We also conclude that the trial court did not err by vacating its order of domestication and denying the petition to enforce the foreign judgment because this action was filed more than ten years after the judgment was rendered and Knobler has lived in Texas for more than ten years prior to its filing. Accordingly, we resolve appellants' sole issue against them.

CONCLUSION

We affirm the trial court's judgment.