**AFFIRMED; and Opinion Filed March 26, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00449-CV**

**VINCENT WHITEHEAD, Appellant**
**V.**
**BULLDOG BATTERY CORPORATION, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-04037-2011**

## MEMORANDUM OPINION ON REHEARING

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

This appeal was dismissed for want of jurisdiction pursuant to our opinion filed February 8, 2013. Appellant Vincent Whitehead timely filed a motion for rehearing. We withdraw our opinion issued February 8, 2013 and vacate our judgment of that date. The following is now the opinion of the Court.

Whitehead appeals a district court judgment giving full faith and credit to an Indiana judgment filed in Texas pursuant to the Uniform Enforcement of Foreign Judgments Act. We affirm the trial court's judgment.

**Background**

In 2008, Bulldog Battery Corporation ("Bulldog") filed suit against Vincent Whitehead ("Whitehead") and others in the Wabash Superior Court in Wabash County, Indiana. After Whitehead was served with process and without the aid of counsel, Whitehead wrote a letter to

the Wabash Superior Court requesting the court dismiss the action against him due to a lack of personal jurisdiction. The Indiana court filed the letter and declared Whitehead filed a "general denial" with the court. Bulldog filed a Request for Admissions from Whitehead which Whitehead failed to answer. The Indiana court, claiming Whitehead failed to comply with Indiana Trial Rule 36, deemed the unanswered Request for Admissions as admitted. The Indiana trial court held a bench trial, at which Whitehead failed to appear, and found Whitehead liable to Bulldog for damages, attorney fees, and pre-judgment interest.

On September 22, 2011, Bulldog filed the Indiana judgment against Whitehead in a district court in Collin County, Texas pursuant to the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). The record shows Bulldog satisfied the proof of mailing notice pursuant to Texas Civil Practice and Remedies Code section 35.004, and Whitehead does not complain about notice regarding the filing of the foreign judgment. Whitehead did not file any response or objections until more than 30 days after the filing of the foreign judgment. Then, on November 23, 2011, Whitehead filed a motion to vacate and a motion to quash claiming the judgment was not entitled to full faith and credit in Texas because it was not properly authenticated. The trial court held a hearing on January 6, 2012 at which Bulldog and Whitehead were represented by counsel. After allowing both parties to submit letter briefs, the trial court denied Whitehead's motion to vacate/motion to quash on February 7, 2012.

On April 4, 2012, Whitehead filed his Notice of Restricted Appeal with the trial court, and, on April 6, 2012, filed his Motion to Extend Time to File Notice of Restricted Appeal with this Court. We granted Whitehead's motion to extend. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4.

**Analysis**

To prevail on a restricted appeal, Whitehead must establish (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.). These four requirements are jurisdictional and will cut off a party's right to seek relief by way of restricted appeal if they are not met. *In re Baby Girl S.*, 353 S.W.3d at 591.

(1) Notice of Restricted Appeal

The Indiana judgment was filed in Collin County on September 22, 2011. "When a judgment creditor proceeds under the UEFJA, the filing of the foreign judgment comprises both the plaintiff's original petition and a final judgment." *Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). Thus, Whitehead had six months from September 22, 2011 to file his notice of restricted appeal. He did not file his notice until April 4, 2012, more than six months later. However, he asked this Court for an extension of time to file, and his request was granted. Our order stated Whitehead's April 4, 2012 notice would be considered timely filed. Therefore–for purposes of our jurisdictional review–Whitehead's notice of restricted appeal was timely filed, and his appeal meets the first requirement.

(2) Party Status

Whitehead was a party to the underlying suit, so his appeal also meets the second requirement.

–3–

(3) Participation in the Trial Court

The first question under this requirement is whether Whitehead participated in the hearing that resulted in the September 22, 2011 judgment. Whitehead did not participate in the Indiana trial, and there was no intervening hearing between that Indiana default judgment and the filing of the judgment in Collin County. Whitehead's appeal meets this first prong of the third requirement.

The second question is whether Whitehead timely filed any post-judgment motions or requests for findings of fact and conclusions of law. "A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c) (West 2008). Thus, the trial court had plenary power to vacate, modify, correct, or reform the September 22, 2011 judgment within thirty days of its filing. *See* TEX. R. CIV. P. 329b(d). But Whitehead did not file his motion to vacate the judgment until November 23, 2011, more than thirty days after the judgment was filed. His post-judgment motion was not timely. Accordingly, his appeal meets the second prong of the third requirement as well.

(4) Error on the Face of the Record

The final requirement is that there must be error on the face of the record. Whitehead brings two issues in an effort to meet this fourth requirement. He argues the Indiana judgment was not properly authenticated or does not meet the Texas authentication requirements and was never properly filed.

The United States Constitution requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. CONST. art. IV, § 1. "In Texas, the enforcement of foreign judgments is governed by the Texas version of the UEFJA."

–4–

*McCoy v. Knobler*, 260 S.W.3d 179, 182 (Tex. App.—Dallas 2008, no pet.). "A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a). "The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed." *Id*. § 35.003(b). As we discussed above, once filed, a foreign judgment is subject to the same rules and procedures as any Texas judgment would be in that court. *Id*. § 35.003(c).

For proper authentication, Texas Rule of Evidence 1005 refers to the requirements in rule 902:

> Certified Copies of Public Records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority.

TEX. R. EVID. 902(4). The certificate requiring compliance "with paragraph (1), (2) or (3) of this rule" in relevant part, states:

> (1) Domestic Public Documents Under Seal. A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

TEX. R. EVID. 902(1).

In this case, the evidence supporting the filing of the Indiana judgment is the certified copy of the final judgment with findings of fact and conclusions of law. The final page of the judgment bears a seal from the "Wabash Circuit/Superior Court Clerk Elaine J. Martin" and reflects the signature of Elaine Martin in her official capacity. The seal clearly states the document is an "official certified copy."

–5–

Whitehead asks this Court to require each and every page of the judgment to be authenticated separately. Citing *Sanders v. State*, Whitehead claims certification was accomplished only on the page that was actually stamped and was only accomplished for the last page of the judgment. *Sanders*, 787 S.W.2d 435,438 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (concluding a single page was the only one certified because the district clerk's certificate only identified a single page as certified). However, the judgment in this case is certified on the final page as a "certified copy" and does not limit its certification to a single page. We conclude the certified copy of the Indiana judgment meets the requirements of rule 902(1) and is properly authenticated. *See Ex parte Helber*, No. 05-95-00810-CR, 1995 WL 605415, *4 (Tex. App.—Dallas 1995, pet. ref'd, untimely filed) (per curiam) (not designated for publication) (concluding similar Indiana document met the requirements of rule 902(4)). Consequently, we overrule Whitehead's first issue.

Whitehead's second issue contends the document was insufficient to meet the statutory requirements for authentication and was consequently improperly filed. The only error Whitehead complains about is the lack of authenticity. Because we have already decided the document was sufficiently authenticated, we overrule Whitehead's second issue.

We conclude Whitehead's appeal fails on the fourth requirement: he has shown no error on the face of the record in this case.

## Conclusion

We affirm the trial court's judgment.

120449F.P05

/David Lewis/
DAVID LEWIS
JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VINCENT WHITEHEAD , Appellant

No. 05-12-00449-CV　　　V.

BULLDOG BATTERY CORPORATION,
Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-04037-2011.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers
participating.

　　　In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

　　　It is **ORDERED** that appellee BULLDOG BATTERY CORPORATION recover its
costs of this appeal from appellant VINCENT WHITEHEAD.

Judgment entered this 26th day of March, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE