# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00205-CV

**In re Stephen J. Seavall**

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

**M E M O R A N D U M   O P I N I O N**

Relator Stephen J. Seavall filed a petition for writ of mandamus attacking the trial court's order requiring him to submit to a deposition and respond to discovery requests made by real party in interest The Cadle Company. Because we agree that the underlying judgment is dormant and cannot be acted upon in Texas, we conditionally grant mandamus relief.

In 1987, Seavall entered into an agreed judgment with Sandia Federal Savings and Loan Association, agreeing to pay $30,000 plus costs, interest, and attorney's fees, for a total of $36,388.12. That judgment was signed by the Second Judicial District Court in New Mexico on July 2, 1987. In 1994, the judgment was acquired by Premier Financial Services, and Premier attempted to domesticate the judgment in Texas in 1997. Seavall responded that limitations had run on the judgment, and Premier non-suited its attempted enforcement action. Cadle later acquired the judgment, and on June 24, 2002, the New Mexico court signed a judgment that essentially extended the 1987 judgment, awarding Cadle $91,504.62. In September 2002, Cadle filed another action in Texas to domesticate the June 2002 judgment, but dismissed it when it "determined the deadline to domesticate the [June 2002] New Mexico Judgment had lapsed." In November 2012,

Cadle obtained a Commission, signed by the New Mexico court, that stated that Texas courts should enforce New Mexico's laws and require Seavall to submit to a deposition and produce documents as requested in Cadle's discovery request related to the earlier judgments. Cadle then filed in Travis County a "petition for miscellaneous action for application for discovery," relying on the New Mexico Commission and asking the trial court to require Seavall to submit to a deposition and to answer Cadle's request for production. Seavall filed a motion to quash. The trial court held a hearing on the matter and on March 4, 2013, signed an order denying Seavall's motion to quash, granting Cadle's motion to compel Seavall's deposition, and requiring Seavall to respond to Cadle's requests for production.

In his petition for writ of mandamus, Seavall argues that the trial court abused its discretion in allowing Cadle to maintain an action for post-judgment discovery because the underlying judgment is unenforceable and time-barred under Texas law. We agree.

There is no authority for an appeal from an order related to post-judgment discovery, and generally the only means of reviewing such an order is through mandamus. *See Bahar v. Lyon Fin. Servs.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, pet. denied); *In re Amaya*, 34 S.W.3d 354, 355-56 (Tex. App.—Waco 2001, orig. proceeding); *Parks v. Huffington*, 616 S.W.2d 641, 645 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). We will grant mandamus relief only if we determine that the trial court clearly abused its discretion or violated a duty imposed by law and that there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

Cadle argues that its motion to compel discovery is governed by rule 201.2, which provides that if a court of another state issues a commission requiring a witness's deposition, "the

witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending in this State." Tex. R. Civ. P. 201.2. We agree with Cadle that rule 201.2 "authorizes Texas courts to enforce foreign discovery orders," but note that it does not *mandate* that Texas courts do so. *See id.* (witness *may* be compelled to appear for deposition). Further, under rule 621a, entitled, "Discovery and Enforcement of Judgment," a judgment creditor may only seek post-judgment discovery to aid in the enforcement of a judgment that "has not become dormant." *Id.* R. 621a.[1] Finally, section 16.066 of the civil practice and remedies code provides that "[a]n action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before the commencement of the action in this state." Tex. Civ. Prac. & Rem. Code § 16.066(b).[2]

Cadle's judgment against Seavall is based on a long-dormant 1987 judgment. *See Lawrence Sys., Inc. v. Superior Feeders, Inc.*, 880 S.W.2d 203, 210-11 (Tex. App.—Amarillo 1994, writ denied) (later memorialization of earlier judgment is not new final judgment; instead, for purposes of limitations, original judgment date controls). Further, even if the 2002 judgment could be considered in isolation from the 1987 judgment, the 2002 judgment became dormant on June 24, 2012, before Cadle filed its motion in Travis County and before the New Mexico court signed the

---

[1] *See also* Tex. Civ. Prac. & Rem. Code § 34.001 (if writ of execution is not issued within ten years after judgment's rendition, "the judgment is dormant and execution may not be issued on the judgment unless it is revived").

[2] And even if we read rule 201.2 as being in conflict with section 16.066, a statute trumps a rule of procedure in the event of a conflict. *See Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000) ("when a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code section 22.004"); *Few v. Charter Oak Fire Ins. Co.*, 463 S.W.2d 424, 425 (Tex. 1971) ("when a rule of the court conflicts with a legislative enactment, the rule must yield").

3

Commission. *See* Tex. Civ. Prac. & Rem. Code § 16.066(b). Therefore, Cadle may not maintain an action against Seavall based on either judgment.

Cadle insists that its discovery proceeding here does not amount to "an action" within the meaning of section 16.066 and instead is "merely a ministerial proceeding." It is true that most "actions" related to foreign judgments involve efforts to enforce or domesticate a foreign judgment. *See, e.g.*, *McCoy v. Knobler*, 260 S.W.3d 179, 181 (Tex. App.—Dallas 2008, no pet.); *Reading & Bates Constr. Co. v. Baker Energy Res. Corp.*, 976 S.W.2d 702, 705 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *Lawrence Sys.*, 880 S.W.2d at 206. However, "an action" is not defined by section 16.066, and the common usage of the phrase in the legal context is fairly broad. *See Lawrence Sys.*, 880 S.W.2d at 207-08. Although a legal action is usually a proceeding brought in an attempt to obtain a judgment against another party, *see id.* (quoting *Garcia v. Jones*, 147 S.W.2d 925, 926 (Tex. Civ. App.—El Paso 1940, writ dism'd judgm't cor.)), some actions, such as this one, seek to demand one's rights from another or to assist in the enforcement of a prior judgment. *See* Black's Law Dictionary 32-33 (defining "action" as "civil or criminal judicial proceeding"; cited sources include "special proceedings" and "any other proceedings in which rights are determined" within definition), 1572 (defining "suit" as "proceeding by a party or parties against another in a court of law" and "ancillary suit" as action that "grows out of and is auxiliary to another suit and is filed to aid the primary suit, to enforce a prior judgment, or to impeach a prior decree") (9th ed. 2009); *see also* Black's Law Dictionary 28 (6th ed. 1990) ("action" is "formal complaint within the jurisdiction of a court of law" and is "legal and formal demand of one's right from another person or party made and insisted on in a court of justice," including "all the formal proceedings in a court of justice attendant upon the demand of a right made by a person of another in such court").

4

Cadle's petition in the trial court is titled "First Amended Petition *for Miscellaneous Action* for Application for Discovery Pursuant to Texas Rule of Civil Procedure 201.2." (Emphasis added.) Although Cadle may not be seeking a judgment in the Texas courts in this proceeding, it is seeking judicial assistance in enforcing what it asserts is its legal right to depose Seavall and obtain discovery documents from him, presumably to assist it in enforcing the dormant judgments. Therefore, Cadle has filed an action against Seavall, relying on dormant judgments, and section 16.066 provides that such an action may not be brought. *See* Tex. Civ. Prac. & Rem. Code § 16.066(b). The trial court abused its discretion in ordering Seavall to submit to a deposition and to produce documents in response to Cadle's discovery requests. We therefore conditionally grant Seavall's petition for writ of mandamus and direct the trial court to vacate its order requiring Seavall to submit to deposition and to respond to Cadle's discovery requests. The writ will issue only if the trial court does not act in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Filed: June 11, 2013