**REVERSE and REMAND; and Opinion Filed November 28, 2016.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00897-CV

**RIYAAZ TAYOB, Appellant**
**V.**
**QUARTERSPOT, INC., Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-00667-2015**

## MEMORANDUM OPINION

Before Justices Fillmore, Brown, and O'Neill[1]
Opinion by Justice Brown

In this restricted appeal, appellant Riyaaz Tayob appeals the domestication of a Virginia default judgment against him. In two issues, Tayob contends he has satisfied the requirements for a restricted appeal and contends the Virginia judgment is void. For reasons that follow, we reverse the trial court's judgment and remand for further proceedings.

We begin with some background on the procedure for domesticating foreign judgments in Texas. The United States Constitution requires each state to give full faith and credit to the judicial proceedings of every other state. U.S. CONST. art. IV, § 1; *McCoy v. Knobler*, 260 S.W.3d 179, 181–82 (Tex. App.—Dallas 2008, no pet.). In Texas, the enforcement of foreign judgments is governed by the Texas version of the Uniform Enforcement of Foreign Judgments

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned.

Act (UEFJA). *McCoy*, 260 S.W.3d at 182. Under that act, a copy of a foreign judgment authenticated in accordance with an act of congress or a Texas statute may be filed in the office of the clerk of any court of competent jurisdiction in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a) (West 2015). At the time a foreign judgment is filed, the judgment creditor or its attorney shall file with the clerk of the court an affidavit showing its address and the name and last known post office address of the judgment debtor. *Id.* § 35.004(a). The judgment creditor or its attorney is also required to promptly mail notice of the filing of the foreign judgment to the judgment debtor at the address provided and file proof of mailing the notice with the clerk of the court. *Id.* § 35.004(b). The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed. *Id.* § 35.003(b). A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed. *Id.* § 35.003(c); *see Dear v. Russo*, 105 S.W.3d 43, 46 (Tex. App.—Dallas 2003, pet. denied). When a foreign judgment is properly filed under the UEFJA, the filing has the effect of initiating an enforcement proceeding and instantly rendering a final judgment in Texas. *See Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ).

We turn to the facts of this case. In July 2014, appellee Quarterspot, Inc. sued Tayob in a Virginia court, claiming Tayob owed Quarterspot a debt under a contract. In September 2014, Quarterspot obtained a judgment against Tayob for $22,306.13, plus 34.9% interest, costs, and attorney's fees. The Virginia judgment reflects Tayob was served through the Secretary of the Commonwealth and was not present at trial. Quarterspot sought to enforce the judgment in Texas. On March 18, 2015, pursuant to the UEFJA, Quarterspot filed a notice of filing of foreign judgment in County Court at Law No. 4 in Collin County, Texas, along with an exemplified copy of the judgment. As required by the UEFJA, Quarterspot also filed an affidavit

from its attorney providing its address and Tayob's name and last known address.[2]  The notice of the filing that was mailed to Tayob at the address provided was returned to the court clerk with the stamp, "Attempted – Not Known, Unable to Forward."  In April 2015, at Quarterspot's request, the court issued a writ of execution on the judgment.

On May 27, 2015, Tayob filed an untimely motion for new trial.  *See* TEX. R. APP. P. 329b(a) (motion for new trial shall be filed within thirty days after judgment is signed).  He asserted the Virginia judgment was not entitled to full faith and credit because he did not receive notice of this case, or the Virginia lawsuit, until April 27, 2015, when he was contacted by a sheriff's deputy.  Tayob asserted that the address Quarterspot provided for him in the affidavit filed with the trial court and provided to the court in Virginia did not exist.  The address listed for Tayob in the Virginia judgment and in the affidavit filed with the judgment in Texas indicated that Tayob lived in Plano, Texas.  The zip code given, however, is in Dallas rather than Plano.[3] *See* TEX. R. EVID. 201(b) (allowing judicial notice of facts not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).  Quarterspot responded that the court should enforce the Virginia judgment.  Although its plenary power had expired, on July 2, 2015, the trial court issued an order denying Tayob's motion for new trial.

Tayob filed a notice of appeal on July 21, 2015.  Because the notice of appeal was not filed within thirty days after the foreign judgment was filed, this Court questioned our jurisdiction over the appeal and requested a letter brief from Tayob on the issue.  On October 5, 2015, the day he filed his jurisdictional brief, Tayob also filed an amended notice of restricted

---

[2] Tayob's name is misspelled "Riaaz Tayob" in the Virginia judgment, the notice of its filing, and the attorney's affidavit.

[3] We note that Quarterspot asserts Tayob provided the incorrect address on a loan application.  For this proposition, Quarterspot directs us to two pages in the clerk's record.  While these pages are at least part of a loan application, they do not contain the address at issue.  We also note that the application indicates the entity seeking a loan from Quarterspot was a corporation by the name of Kwality Closeouts, Inc. owned by Tayob, rather than Tayob personally.

appeal. *See* TEX. R. APP. P. 25.1(g). Quarterspot filed a letter brief in response requesting we dismiss the appeal for lack of jurisdiction. After reviewing the letter briefs, Tayob's amended notice of restricted appeal, and the clerk's record, we informed the parties it appeared we had jurisdiction over the appeal as a restricted appeal.

In his first issue, Tayob contends he has satisfied all the requirements of a restricted appeal. When a party does not participate in person or through counsel in a hearing that results in a judgment, he may be eligible for a restricted appeal. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *see* TEX. R. APP. P. 30. To prevail in a restricted appeal, an appellant must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant*, 447 S.W.3d at 886; *Whitehead v. Bulldog Battery Corp.*, 400 S.W.3d 115, 117 (Tex. App.—Dallas 2013, pet. denied) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)).

We begin with the first requirement for prevailing in a restricted appeal, filing a notice of restricted appeal within six months after the judgment was signed. When Quarterspot filed the foreign judgment in the trial court on March 18, 2015, the filing had the effect of instantly rendering a final judgment in Texas. *See Moncrief*, 805 S.W.2d at 22. Tayob filed his original notice of appeal within six months of that date, on July 21, 2015. Tayob amended his notice of appeal to include the requirements for a notice of restricted appeal on October 5, 2015, more than six months after Quarterspot filed the foreign judgment in Texas. In its brief on the merits, Quarterspot continues to argue that we lack jurisdiction over the appeal. It argues that Tayob's amended notice of appeal should be treated as a new notice of appeal, rather than as an amended

–4–

notice, and that we lack jurisdiction because the amended notice was not filed within six months of the judgment. *See* TEX. R. APP. P. 26.1(c). The Texas Supreme Court has rejected the argument that a late-filed amended notice of restricted appeal did not invoke court's jurisdiction where the original notice of appeal did not contain the requisites for a notice of restricted appeal. *See Sweed v. Nye*, 323 S.W.3d 873, 874–75 (Tex. 2010). *Sweed* is dispositive of this issue. *See id.* Accordingly, Tayob's notice of restricted appeal was timely.

Next, Tayob was a party to the underlying suit. He was the defendant named in the Virginia judgment Quarterspot sought to enforce in Texas. Also, Tayob did not participate in any hearing that resulted in the domesticated judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law. The only action taken by Tayob in the trial court was the filing of an untimely motion for new trial. He has satisfied the second and third requirements of a restricted appeal.

Finally, we turn to whether error is apparent on the face of the record. Tayob asserts that various instances of error are apparent on the face of the record, including: (1) the lack of proper service in Virginia because Quarterspot gave a non-existent address for him; (2) his lack of timely notice of the domestication of the foreign judgment because Quarterspot provided the same non-existent address to the Texas court; and (3) Quarterspot's failure to support its filing of the foreign judgment in Texas with a proper affidavit. We agree that the affidavit in support of the filing of the foreign judgment was deficient.

To have probative value, an affiant must swear that the facts presented in the affidavit reflect his personal knowledge. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008). An affiant's belief about the facts is legally insufficient. *Id.* An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex.

–5–

1994).  Even the mere recitation that an affidavit is based on personal knowledge is inadequate if the affidavit does not positively show a basis for the knowledge.  *VSR Fin'l Servs., Inc. v. McLendon*, 409 S.W.3d 817, 826 (Tex. App.—Dallas 2013, no pet.).

Along with the copy of the Virginia judgment, Quarterspot filed the sworn affidavit of its attorney Julianne Nguyen.  Nguyen stated in the affidavit:  "I am the attorney for the judgment creditor in a judgment dated September 2, 2014, rendered by the General District Court in Commonwealth of Virginia.  An authenticated copy of the judgment has, this day, been filed with the Clerk of the above captioned Court."  Nguyen then gave Tayob's name and last known post office address and a New Jersey address for Quarterspot.  The affidavit concludes by stating that its purpose is so that notice of the filing of foreign judgment can be given to the judgment debtor.  Nguyen's affidavit does not even purport to state that the facts it contains are based on her personal knowledge and does not show any basis for her knowledge of the facts.  Quarterspot argues that the affidavit is proper because it meets the definition found in the government code. *See* TEX. GOV'T CODE ANN. § 312.011(1) (West 2013) ("affidavit" means a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and legally certified to by the officer under his seal of office).  But an affidavit is not excused from the personal knowledge requirement merely because it complies with section 312.011(1).  An affidavit must meet both of these requirements.  *See, e.g., Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645–46 (Tex. 1995).

Filing an affidavit with the clerk of the court providing the parties' names and addresses is a mandatory requirement of the UEFJA.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.004(a); *Tanner v. McCarthy*, 274 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  Because Quarterspot failed to file a proper affidavit along with the authenticated copy of the

Virginia judgment, it did not comply with the filing requirements of the UEFJA. Tayob has demonstrated error on the face of the record. We sustain Tayob's first issue.

Although we have sustained Tayob's first issue, we must address his second issue because it could potentially afford him greater relief. *See Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999). In his second issue, Tayob asks us to render that the Virginia judgment is void for want of jurisdiction. He contends that judgment is void because service of process was inadequate under Virginia law and because Virginia's exercise of personal jurisdiction over him offends due process of law because he did not receive notice and an opportunity to be heard.

Virginia law authorizes constructive service of process on a nonresident through serving the Secretary of the Commonwealth. A party seeking to secure service of process in this manner shall execute an affidavit stating that the person to be served is a nonresident and setting forth the last known address of the person to be served. VA. CODE ANN. § 8.01-329(B) (West 2016). The Secretary of the Commonwealth must then mail a copy of the process or notice and a copy of the affidavit to the person to be served at the last known post office address. *Id.* § 8.01-329(C). Any material failure to comply with the terms of the statute authorizing constructive service invalidates the service and any default judgment based upon such service is void. *Virginia Polytechnic Inst. & State Univ. v. Prosper Fin'l, Inc.*, 732 S.E.2d 246, 249 (Va. 2012). Service is complete when the requirements of section 8.01-329 are met; actual notice is not required. *Id.*

Tayob asserts the address Quarterspot provided in the affidavit for service of process on the Secretary of the Commonwealth, the same address it provided to the Texas court, could not have been his last known address because it was not a valid address. The phrase "last known address" has been interpreted by Virginia courts to mean the address at which a person would reasonably expect the addressee to actually receive mail, based upon all information then known

or reasonably available to the addressor.  *See Direct Connect, UDCC Div. v. Medra Sys., LLC*, No. CL-2009-17533, 2010 WL 7373715, at *5 (Va. Cir. Aug. 9, 2010).  Given the procedural posture of this case and the limited record before us, we are not in a position to evaluate whether, based on all the information known or reasonably available to Quarterspot, one could reasonably expect Tayob to actually receive mail at the address provided.  Accordingly, on this record, we are unable to declare that the foreign judgment is void.  We overrule Tayob's second issue.

We reverse the trial court's domesticated foreign judgment and remand the cause for further proceedings.


/Ada Brown/
ADA BROWN
JUSTICE


150897F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RIYAAZ TAYOB, Appellant

No. 05-15-00897-CV      V.

QUARTERSPOT, INC., Appellee

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-00667-2015.
Opinion delivered by Justice Brown, Justices
Fillmore and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Riyaaz Tayob recover his costs of this appeal from appellee Quarterspot, Inc.

Judgment entered this 28th day of November, 2016.