

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00228-CV

———————————————

JEFF EVAN JENKINS, Appellant

V.

CHRISTINA ELIZABETH GARCIA JENKINS, Appellee

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 20-3010-431

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In this divorce proceeding involving child-custody issues between Appellant Jeff Evan Jenkins (Father) and Christina Elizabeth Garcia Jenkins (Mother), the trial court signed an order (the August 2022 Order) declining jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in favor of the State of Utah. *See* Tex. Fam. Code Ann. §§ 152.001–.317. Thereafter, Father filed three motions attacking the August 2022 Order—a motion for reconsideration, a motion to vacate, and a motion to reinstate the case. After the trial court denied those motions, Father filed his notice of appeal in July 2023. In four issues on appeal, Father continues to attack the August 2022 Order.

While this appeal was pending, Mother filed a motion to dismiss Father's appeal. In that motion, Mother argues that we lack jurisdiction over Father's appeal because his notice of appeal was untimely. We agree. Accordingly, without considering the merits of Father's appeal, we will grant Mother's motion to dismiss, and we will dismiss Father's appeal for want of jurisdiction.

## II. BACKGROUND

### A. Father and Mother's Marriage in Utah, the Children's Births in Utah, the Family's Move to Texas, Mother's Allegations of Abuse, and Mother and the Children's Move Back to Utah

In 2009, Father married Mother in Utah.[1]  While living in Utah, Mother and Father had two sons, J.J.J. and A.M.J. (collectively, the Children).  J.J.J. was born in August 2010, and A.M.J. was born in or around January 2013.[2]  Later in 2013, the family moved to Texas.  According to Mother, Father subjected the Children and her to "nearly daily" abuse.[3]  On April 12, 2020, Mother and the Children returned to Utah.  Father remained in Texas.

---

[1]At the time they were married, Father also had a six-year-old son from a previous marriage.

[2]Some places in the record indicate that A.M.J. was born in January 2013, while others indicate that he was born in February 2013.

[3]In a declaration attached to one of her motions, Mother recounted numerous examples of Father's abusive and violent behavior, including alleged assaults against Mother and purported threats to kill Mother, the Children, and others.  An affidavit from Roberta Smith—a nanny who lived with the family for approximately ten months—was also attached to one of Mother's motions.  In that affidavit, Smith stated that she had "personally witnessed nearly constant abuse by [Father] to his whole family," and she recounted specific examples of Father's alleged abuse.

**B. The Divorce Proceeding in Texas, the Divorce Proceeding in Utah, the Conference Between the Texas and Utah Courts, and the Texas Court's Signing of the August 2022 Order Declining UCCJEA Jurisdiction**

On April 13, 2020,[4] Father filed a petition for divorce against Mother in Denton County.[5]  Mother later answered and filed a counterpetition for divorce.  On April 18, 2022, Mother filed a "Motion for Texas to Decline Jurisdiction as to Child Custody, or Alternatively, Motion for Witnesses to Testify Remotely."[6]  Following a hearing, the trial court denied Mother's motion, noting in its order that "there is no other case pending anywhere, and no sworn evidence for the court to consider[,] so the court chooses to decline the invitation to decline its jurisdiction."

Thereafter, Mother filed a petition for divorce in Utah.  In the Utah case, Mother requested that the Texas court and the Utah court conduct a UCCJEA conference between the courts.  *See* Tex. Fam. Code Ann. § 152.110.  Mother later filed in the Texas court a "Second Amended Motion for Texas to Decline Jurisdiction as to Child Custody and Motion for Remote Testimony."  In that motion, Mother argued that the Texas court "should decline jurisdiction on the basis that Texas is an

---

[4]While Father's petition for divorce was not accepted for filing until April 13, 2020, he submitted the petition for filing on April 10, 2020—before Mother and the Children left for Utah.

[5]Father's petition was originally filed in the 431st District Court of Denton County.  The case was later transferred to the 367th District Court of Denton County.

[6]A copy of that motion does not appear in the appellate record.

4

inconvenient forum and [that] Utah is a more appropriate forum to make a custody determination."

On August 4, 2022, the Texas trial court signed the August 2022 Order declining UCCJEA jurisdiction.[7] In the August 2022 Order, the trial court noted that on August 2, 2022, it had "telephonically communicated [with the Utah court] in accordance with the UCCJEA simultaneous proceedings statutes."[8] *Id.* at §§ 152.110, .206(b). The August 2022 Order further provided,

> Texas was the home state of the [C]hildren as of the date of Father's filing. Mother and the [C]hildren left Texas no earlier than March 28, 2020, and have continuously been living in Utah since that date. Since the filing of the Divorce in Texas, no substantive action has occurred except for a written agreement between the parties (a Rule 11 Agreement), signed by both parties and signed off on by the then Texas Presiding Judge in this case October 27, 2020.
>
> Since entry of the parties['] stop-gap agreement in Texas, twenty-two months have passed with no action. Mother filed a Petition for Divorce in Utah on June 23, 2022[.]
>
> Texas is the home state of the [C]hildren and Texas has jurisdiction over the parties. Having determined Texas to be the home state as of Father's filing of the original child custody cause of action via Father's Petition for Divorce, this Court still may decline jurisdiction if Texas is found to be an inconvenient forum and Utah is a more convenient forum.

---

[7]The August 2022 Order was entered under both the caption for the Texas divorce proceeding and the caption for the Utah divorce proceeding.

[8]No record was made of that conference between the Texas court and the Utah court. In his brief, Father describes that conference as "informal[] and off-the-record," noting that "neither party nor counsel representing the parties in Texas or Utah were provided the opportunity to appear at that UCCJEA phone conference."

Texas does not require [that] the trial court hold an evidentiary hearing before it makes a determination that Texas is not a convenient forum. The Texas and Utah Judge conversed via telephone on August 2, 2022[,] and considered all the pleadings, affidavits filed[,] and any court orders using UCCJEA mandate. However, after communicating with the Utah court and considering the UCCJEA factors, the Court finds that Texas is an inconvenient forum, and Utah is a more appropriate forum.

So Ordered: This Court declines UCCJEA Jurisdiction in favor of the State of Utah.

## C. Father's Motions Attacking the August 2022 Order, the Trial Court's Denial of Those Motions, Father's Notice of Appeal, and Mother's Motion to Dismiss Father's Appeal

On September 2, 2022, Father filed a motion for reconsideration of the August 2022 Order. The trial court denied that motion on September 28, 2022. On October 17, 2022, Father filed a motion to vacate the August 2022 Order. On January 27, 2023, Father filed a motion to reinstate the case on the docket.[9] In light of the motion to vacate and the motion to reinstate, the Texas trial court held another UCCJEA conference with the Utah trial court through Zoom on April 13, 2023. Both Mother and Father and their respective Utah and Texas counsel appeared remotely at that conference. A record was made of this conference. On June 8, 2023,

_____

[9]From what we can glean, the motion to reinstate was filed, at least in part, because the "Register of Actions" pertaining to the Texas proceeding indicated the following with respect to the August 2022 Order: "Final Order/Judgment/Decree (closes entire case)." At a status hearing on March 24, 2023, Father's counsel told the trial court, "The motion to reinstate is kind of a misnomer. What we're asking the Court to do is administratively reopen the entirety of the divorce."

the Texas trial court signed an order denying Father's motion to vacate and his motion to reinstate (the June 2023 Order).

On July 5, 2023, Father filed his notice of appeal. In that notice, Father indicated that he was appealing the June 2023 Order. Father later filed his appellate brief. While Father indicated that his appeal was "a direct appeal" of the June 2023 Order, in substance, Father's issues attacked the August 2022 Order. While the appeal was pending, Mother filed her motion to dismiss Father's appeal, contending that we lack jurisdiction because Father's notice of appeal was untimely.[10]

## III. DISCUSSION

Because it implicates our jurisdiction, we must first address Mother's motion to dismiss. *See Estate of Rhoades*, No. 02-15-00081-CV, 2015 WL 3658065, at *2 (Tex. App.—Fort Worth June 11, 2015, no pet.) (mem. op.) ("We must first address our jurisdiction before looking to the merits of the attempted appeal.").

### A. Overview of the Parties' Contentions

In her motion to dismiss, Mother argues that the August 2022 Order is a final judgment. She also contends that the June 2023 Order is not a final judgment or an appealable order. According to Mother, we lack jurisdiction over Father's appeal

---

[10]Mother also requested that we stay the appeal pending a decision on dismissal. We previously denied the motion to stay but did not address Mother's motion to dismiss.

because his notice of appeal was untimely, noting that it was filed 335 days after the August 2022 Order was signed.

In response, Father argues that the August 2022 Order is not a final judgment. According to Father, the June 2023 Order is a final judgment. Father contends that his notice of appeal was timely, pointing out that it was filed within thirty days of the June 2023 Order.

## B. Analysis of Finality

This court has appellate jurisdiction only over appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. A judgment is final when it either (1) clearly and unequivocally states that it finally disposes of all claims and all parties or (2) actually disposes of every pending claim and party. *Jones*, 629 S.W.3d at 924; *Lehmann*, 39 S.W.3d at 200, 205. An appellate court may review the record to determine whether an order actually disposes of all claims and parties. *Lehmann*, 39 S.W.3d at 205–06; *see Homeward Residential, Inc. v. Burch*, No. 02-19-00413-CV, 2020 WL 370578, at *2 (Tex. App.— Fort Worth Jan. 23, 2020, pet. denied) (mem. op.) (reviewing record to determine whether purported judgment actually disposed of all claims and parties).

We first address whether the August 2022 Order is a final judgment. As a preliminary matter, we note that the August 2022 Order does not clearly and

8

unequivocally state that it finally disposes of all claims and all parties.[11] *See Jones*, 629 S.W.3d at 924; *Lehmann*, 39 S.W.3d at 205.  We must therefore turn to whether the August 2022 Order actually disposed of all claims and all parties.  *See Jones*, 629 S.W.3d at 924; *Lehmann*, 39 S.W.3d at 200, 205.

Here, the claims arise out of Father's petition for divorce and Mother's counterpetition.  Father contends that the August 2022 Order did not dispose of all claims in those petitions, arguing that "the form of the August 4, 2022 [O]rder as a UCCJEA order fails to address any issue other than interstate jurisdiction, leaving property division, maintenance, and child support issues without any judgment."  We reject Father's contention that the August 2022 Order left any claim pending.  In the August 2022 Order, the trial court stated, "[T]he Court finds that Texas is an inconvenient forum, and Utah is a more appropriate forum. . . .  This Court declines UCCJEA Jurisdiction in favor of the State of Utah."

The UCCJEA governs child-custody proceedings, which includes "a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence in which the issue may appear."  Tex. Fam. Code Ann. § 152.102(4); *see In re Dean*, 393 S.W.3d 741, 743 n.2 (Tex. 2012) (orig. proceeding) (noting that "a petition for

---

[11]In her motion to dismiss and in her reply to Father's response to her motion, Mother candidly acknowledges that the August 2022 Order does not clearly and unequivocally state that it finally disposes of all claims and all parties.

9

*divorce* may also be characterized as a 'child[-]custody proceeding' under the UCCJEA"); *C.H. v. S.L.*, No. 02-16-00386-CV, 2018 WL 4925318, at *5 (Tex. App.—Fort Worth Oct. 11, 2018, no pet.) (mem. op.) ("[T]he underlying divorce proceeding is a child-custody proceeding as defined by the UCCJEA."). Thus, by declining "UCCJEA Jurisdiction," the trial court declined jurisdiction over the entire "child-custody proceeding," meaning the entirety of the parties' divorce. *See* Tex. Fam. Code Ann. § 152.102(4). Accordingly, because the August 2022 Order actually disposed of all claims and all parties, it is a final judgment. *See Jones*, 629 S.W.3d at 924; *Lehmann*, 39 S.W.3d at 200, 205.

We further reject Father's contention that the June 2023 Order is a final judgment. The June 2023 Order denied Father's motion to vacate. An order denying a motion to vacate is not a final judgment or an appealable interlocutory order. *See Anassi v. Off. of Att'y Gen. of Tex.*, No. 01-21-00296-CV, 2021 WL 4733235, at *1 (Tex. App.—Houston [1st Dist.] Oct. 12, 2021, no pet.) (per curiam) (mem. op.) ("An order denying a motion to vacate is not independently appealable."); *Blank v. Nuszen*, No. 01-18-00379-CV, 2019 WL 3783326, at *1 (Tex. App.—Houston [1st Dist.] Aug. 13, 2019, no pet.) (per curiam) (mem. op.) ("In this case, the trial court's order denying the motion to vacate is neither an appealable interlocutory order nor a final judgment.").

The June 2023 Order also denied Father's motion to reinstate. Notably, Father's counsel acknowledged that "[t]he motion to reinstate is kind of a misnomer"

10

and that through the motion, Father was asking the court to "reopen the entirety of the divorce." An order denying a motion to reopen a case is not a final judgment or an appealable interlocutory order. *See Boyer v. Springleaf Fin. Servs., Inc.*, No. 11-21-00252-CV, 2022 WL 252051, at *1 (Tex. App.—Eastland Jan. 27, 2022, no pet.) (per curiam) (mem. op.) (stating that a motion to reopen a case "is not a final judgment and is not independently appealable"); *Moore v. Tex. Dep't of Crim. Just., Institutional Div.*, No. 12-16-00313-CV, 2017 WL 104636, at *1 (Tex. App.—Tyler Jan. 11, 2017, no pet.) (per curiam) (mem. op.) ("[T]he order denying Moore's motion to reopen is not a final judgment or appealable interlocutory order.").[12]

## C. The Timeliness of Father's Appeal

The deadline to file a notice of appeal is typically thirty days after the judgment was signed unless the appellant timely files one of several specifically enumerated time-extending motions in the trial court, in which case the deadline to file a notice of appeal is ninety days from the date the judgment was signed. *See* Tex. R. App. P. 26.1. The time for filing a notice of appeal is jurisdictional in this court, and without a

---

[12]Even if we agreed with Father's contention that the August 2022 Order is not a final judgment because it did not address "property division, maintenance, and child support issues," we would still lack jurisdiction over his appeal because there is no other final judgment or appealable order. As explained above, Father's motion to vacate and motion to reinstate are not final judgments or appealable orders. Moreover, if the August 2022 Order is not a final judgment because it did not address "property division, maintenance, and child support issues," as Father suggests, then the June 2023 Order would also not be a final judgment because it too does not address "property division, maintenance, and child support issues."

11

timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the August 2022 Order was signed on August 4, 2022. Because Father filed a motion for reconsideration on September 2, 2022, Father's notice of appeal was due on November 2, 2022—ninety days after the August 2022 Order was signed. *See* Tex. R. App. P. 26.1. But Father waited until July 5, 2023, to file his notice of appeal, making it untimely. *See id.*

And Father's filing of other motions attacking the August 2022 Order—his motion to vacate and motion to reinstate—did nothing to affect the appellate deadline. In this regard, Father filed his motion to vacate on October 17, 2022. But that motion was due on September 6, 2022. *See* Tex. R. Civ. P. 329b(a), (g). Because it was untimely, Father's motion to vacate did not extend the appellate deadline. *See* Tex. R. App. P. 26.1(a); *see also Whitehead v. Bulldog Battery Corp.*, 400 S.W.3d 115, 117 (Tex. App.—Dallas 2013, pet. denied) (mem. op. on reh'g) ("But [the appellant] did not file his motion to vacate the judgment until . . . more than thirty days after the judgment was filed. His post-judgment motion was not timely."). Further, Father filed his motion to reinstate on January 27, 2023. Even if we construed that motion as a motion to "modify, correct, or reform a judgment," it would have been due on September 6, 2022. *See* Tex. R. Civ. P. 329b(a), (g). Because it was untimely, Father's motion to vacate did not extend the appellate deadline. *See* Tex. R. App. P. 26.1(a).

In his brief, Father complains that the trial court clerk did not give required notice of a final judgment when the trial court signed the August 2022 Order. We reject the implied contention that the alleged lack of notice extended Father's deadline to file his notice of appeal. Pursuant to Rule 306a, when a final judgment or other appealable order is signed, the clerk of the court "must immediately send the judgment or order to the parties as provided in Rule 21(f)(10)." Tex. R. Civ. P. 306a(3); *see* Tex. R. Civ. P. 21(f)(10). If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice nor acquired actual knowledge of the order, then the period for filing a post-judgment motion is extended to the date that such party or his attorney received such notice or acquired actual knowledge of the judgment or appealable order. Tex. R. Civ. P. 306a(4). But in no event, shall such period begin more than ninety days after the judgment or other appealable order was signed. *Id.*

To take advantage of that extension, a party must "prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." Tex. R. Civ. P. 306a(5). Neither Father nor his counsel offered or proved such in the trial court. *See Johnson v. Meier*, No. 14-00-00829-CV, 2000 WL 1059293, at *1 (Tex. App.— Houston [14th Dist.] Aug. 3, 2000, no pet.) (per curiam) (not designated for publication) ("Appellant did not file a motion pursuant to [Rule 306a(5)], make the

13

required proof, or obtain the required written order. Therefore, he has not established that he is entitled to additional time to perfect his appeal."). Moreover, on August 4, 2022, the trial court administrator emailed Father's counsel, attaching the August 2022 Order and stating that upcoming scheduled hearings in the Texas case had been removed from the trial court's docket. Thus, even if the trial court clerk failed to provide the requisite notice under Rule 306a(3), we fail to see how that would affect the finality of the August 2022 Order. *See* Tex. R. Civ. P. 306a(4) ("If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice [contemplated by Rule 306a(3)] *nor acquired actual knowledge of the order. . . .*" (emphasis added)); *see also Nashville Tex., Inc. v. City of Burleson*, No. 01-08-00274-CV, 2009 WL 618507, at *3 (Tex. App.—Houston [1st Dist.] Mar. 12, 2009, pet. denied) (mem. op.) ("We do not determine the finality of a judgment based on whether a party's attorney received notice of it." (citing *Lehmann*, 39 S.W.3d at 195)).

Because Father's notice of appeal was untimely, we must dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Mornes v. Cooper*, No. 02-23-00439-CV, 2024 WL 45070, at *1 (Tex. App.—Fort Worth, Jan. 4, 2024, no pet.) (mem. op.) ("Because Mornes's notice of appeal was untimely . . . we dismiss this appeal for want of jurisdiction.").

## IV. CONCLUSION

We grant Mother's motion to dismiss, and we dismiss Father's appeal for want of jurisdiction.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  August 1, 2024